UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN A. CULLEN,<br><br>    Plaintiff<br><br>V.<br><br>THE LIFE INSURANCE COMPANY OF NORTH AMERICA, LESLEY UNIVERSITY LONG TERM DISABILITY PLAN, LESLEY UNIVERSITY LIFE INSURANCE PLAN<br><br>    Defendants | CIVIL ACTION NO. |

## **COMPLAINT**

1. Plaintiff, Karen A. Cullen ("Ms. Cullen"), brings this action against the Defendants, The Life Insurance Company of North America ("LINA"), Lesley University Long Term Disability Plan ("LTD Plan") and Lesley University Life Insurance Plan ("Life Plan") (collectively referred to as "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Ms. Cullen is a participant in ERISA welfare benefit plans insured and administered by LINA.

2. Ms. Cullen is filing this action to: 1) recover long-term disability ("LTD") and Life Waiver of Premium ("LWOP") benefits due to her under her employer's long-term disability plan and life insurance plan; 2) enforce the present rights existing under the Plans; 3) clarify rights under the terms of the LTD and Life Plans; and 4) recover damages, interest, costs and attorneys' fees.

3. Ms. Cullen challenges the Defendants': 1) unreasonable and unlawful termination of her LTD and LWOP benefits despite the substantial medical and vocational evidence demonstrating her qualifications for said benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Ms. Cullen's disability in an effort to limit Defendants' financial exposure for Ms. Cullen's claims; 3) failure to provide Ms. Cullen with a full and fair review of her claims for LTD and LWOP benefits; and 4) failure to provide a reasonable claims procedure that would yield a fair decision on the merits of Ms. Cullen's LTD and LWOP claims.

## PARTIES

4. Ms. Cullen is a resident of Plymouth, Massachusetts. Ms. Cullen is a vested participant in Defendants' employee benefit plans, within the meaning of 29 U.S.C. § 1002(2) (7). Ms. Cullen has standing to bring this action under 29 U.S.C. § 1132(a).

5. The defendant, LINA, is a for-profit insurance company, with its principal place of business in Philadelphia, Pennsylvania. LINA transacts business in Massachusetts and administers the LTD Plan and the Life Plan under which Ms. Cullen is suing. LINA is the party responsible for processing claims made under the Plans and making a final determination as to Ms. Cullen's eligibility for benefits.

6. At all times relevant to the claims asserted in this Complaint, Defendant LINA purported to act as an ERISA claims fiduciary with respect to participants of the Plans generally, and specifically with respect to Ms. Cullen, within the meaning of ERISA.

7. The Plans under which Ms. Cullen is suing are both an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1).

**STATEMENT OF FACTS**

**<u>Relevant Plan Terms</u>**

8. As an employee of Lesley University, Ms. Cullen was eligible for LTD coverage under a contract of insurance with LINA. The LTD benefit is a fully insured benefit under a policy of insurance issued by LINA to Defendant Lesley University, contract number LK-962264.

9. As an employee of Lesley University, Ms. Cullen was eligible for Life insurance coverage under a contract of insurance with LINA. The LWOP and life benefit are fully insured benefits under a policy of insurance issued by LINA to Lesley University, contract number FLX-963125.

10. The Plans contain no provisions giving independent and final discretion to LINA to determine eligibility for benefits or to interpret the terms of the Plan.

11. The LTD Plan provision defines disability as follows:

    You are considered Disabled, if, solely because of Injury or Sickness, you are:

    1. unable to perform the material duties of your Regular Occupation; and
    2. unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation.

    After Disability Benefits have been payable for 24 months, you are considered Disabled, if, solely due to Injury or Sickness, you are:
    1. unable to perform the material duties of any occupation for which you are, or may reasonably become qualified based on education, training, and experience; and
    3. unable to earn 80% or more of your Indexed Earnings.

12. The Plan does not contain a definition of material duties.

13. The Plan defines Regular Occupation as follows:

    The occupation you are routinely perform at the time the Disability begins. In evaluating the Disability, we will consider the duties of the occupation as it is normally performed in the general labor market in the national economy. It is not work tasks that are performed for a specific employer or at a specific location.

14. The Life Plan defines Disability as follows:

    "Disability"/"Disabled" means because of Injury or Sickness the Employee is unable to perform all the material duties of his or her Regular Occupation; or is receiving disability benefits under the Employer's plan.

15. Ms. Cullen meets the standard for total disability under both Plans and is eligible for LTD and LWOP benefits under the terms of the Plans.

**Ms. Cullen's Claim for Disability Benefits**

16. Ms. Cullen worked as a program manager at Lesley University since August 21, 2001.

17. Ms. Cullen's last day of work at Lesley University was November 2, 2017.

18. Ms. Cullen ceased working as a program manager because her symptoms and limitations from her Stage IIIB lung cancer and treatment for her cancer limited her ability to perform the duties of her occupation or any occupation.

19. Ms. Cullen was paid short term disability from her employer from November 3, 2017 through January 1, 2018.

20. On or about January 2, 2018, Ms. Cullen applied for long term disability benefits under the LINA LTD Plan because her symptoms and limitations had not improved.

21. By correspondence dated March 21, 2018, LINA approved Ms. Cullen's application for LTD benefits.

22. From March 21, 2018 through September 6, 2018, LINA continued to certify Ms. Cullen's eligibility for LTD benefits.

**Ms. Cullen's Claim for LWOP Benefits**

23. By correspondence dated March 26, 2018, LINA informed Ms. Cullen it was evaluating her claim for LWOP benefits.

24. In its March 26, 2018 correspondence, LINA informed Ms. Cullen that, "According to the provisions of your policy, you are eligible to have your life insurance premiums waived after the Waiver Waiting Period expires. The Waiver of Premium provision within your policy states that an employee must be disabled for 9 straight months before being eligible for Waiver of Premium".

25. By correspondence dated July 18, 2018, LINA informed Ms. Cullen it was approving her claim for LWOP benefits.

26. In its July 18, 2018 correspondence, LINA informed Ms. Cullen that her basic group life insurance coverage in the amount of $56,000 and her voluntary group life insurance in the amount of $100,000 was extended without payment of premium.

**LINA's Review of Ms. Cullen's LTD Claim**

27. Ms. Cullen was first diagnosed with non-small cell cancer of the left lung in April 2013. She underwent surgery and chemotherapy at that time.

28. Ms. Cullen's cancer recurred and from September 11, 2017 through November 1, 2017 Ms. Cullen underwent radiation concurrent with chemotherapy.

29. From January 8, 2018 through May 2018, Ms. Cullen underwent systemic immunotherapy and chemotherapy.

30. On or about January 27, 2018 Ms. Cullen was hospitalized with influenza B and pneumonia.

31. Ms. Cullen suffered from significant side effects related to chemoradiation and immunotherapy.

32. Ms. Cullen's symptoms, amongst others, included significant fatigue, shortness of breath, significant back pain, left chest wall flank pain, costochondritis, skin disorders, shingles, pneumonitis, along with neuropathy in her extremities.

33. On August 29, 2018, Ms. Cullen's oncologist, Rebecca Suk Heist, MD, MPH noted in part, "Having a tough time. She finds she is very fatigued all the time. She is very tired, much more so than before. She does still have dyspnea especially on exertion". Dr. Heist further noted, "Has pain, notes it in right chest wall/arm. Rash on feet is painful and bothersome, neuropathy from chemotherapy persists".

34. By correspondence dated September 6, 2018, LINA terminated Ms. Cullen's LTD and LWOP benefits.

**Ms. Cullen's Appeal and LINA's Review**

35. On February 28, 2019, Ms. Cullen appealed LINA's decision to terminate her LTD and LWOP claims.

36. With her February 28, 2019 appeal, Ms. Cullen submitted to LINA a narrative statement from Robert J. Banco, MD, dated February 6, 2018 [sic] who stated:

> Ms. Cullen is status post L4-L5 posterior lumbar interbody fusion in 2013 for degenerative spondylolisthesis and spinal stenosis. She was last seen in our office on 12/18/18 for current diagnosis of adjacent segment lumbar spinal stenosis with neurogenic claudication (M48.062), as well as lumbar spondylolisthesis (M43.16) and lumbar spondylosis (M47.816). Additionally, she has neck pain (M54.2) and mid to upper-back pain with history of recurrent left 6th rib fracture.

37. On or about January 2019, Ms. Cullen was diagnosed with a T6 compression fracture.

38. In correspondence dated June 28, 2019, LINA denied Ms. Cullen's appeal.

6

39. In its June 28, 2019 correspondence, LINA informed Ms. Cullen that it had determined that "strictly from a lung cancer standpoint, Ms. Cullen has not restrictions or limitations as of September 6, 2018 and beyond".

**Ms. Cullen's Second Appeal**

40. On December 12, 2019, Ms. Cullen filed a second appeal of LINA's decision to terminate her LTD and LWOP benefits.

41. On February 14, 2020, LINA denied Ms. Cullen's second appeal.

42. In its February 14, 2020 correspondence, LINA based its determination on medical opinion that reasoned in part that blood tests could not support the reason behind Ms. Cullen's fatigue and that her "cancer was in complete remission" and "her pain had improved".

43. There is no blood test to measure post-chemotherapy fatigue.

44. There are no medical records that supported LINA's conclusion that Ms. Cullen's pain had improved.

**Summary of Defendants' Review of Ms. Cullen's Claims**

45. Ms. Cullen's disability and eligibility for LTD and LWOP benefits is based on the substantial evidence in Defendants' possession.

46. The Defendants and their internal reviewers arbitrarily dismissed Ms. Cullen's symptoms when they determined that Ms. Cullen was not disabled after September 6, 2018.

47. The Defendants failed to have Ms. Cullen's claims assessed by a medical provider with the appropriate credentials to evaluate her eligibility for benefits as required by ERISA's implementing regulations.

48. The Defendants failed to address or analyze the findings of Ms. Cullen's treating and evaluating physicians' opinions regarding Ms. Cullen's symptoms, restrictions, limitations, and disability.

49. The Defendants failed to address Ms. Cullen's symptoms and limitations considering the specific occupational requirements of her regular occupation, as required by the Plan.

50. The Defendants failed to respond to Ms. Cullen's attempts to engage in a meaningful dialogue regarding the evaluation of her claims.

51. The Defendants failed to meet the minimum requirements for the denial of Ms. Cullen's LTD and LWOP benefits, in violation of ERISA, 29 U.S.C. 1133, which requires that upon a denial of benefits, the administrative review procedure must include adequate notice in writing setting forth the specific reasons for the denial of benefits and a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

52. The Defendants failed to provide Ms. Cullen with a full and fair review of her claim for LTD and LWOP benefits.

53. LINA was influenced by its financial conflict of interest when it terminated Ms. Cullen's claim for LTD and LWOP benefits.

54. Due to the unlawful denial of benefits under ERISA, Ms. Cullen has lost her rightful LTD and Life insurance benefits. She has also suffered emotional distress as a result of the Defendants' actions.

55. Due to the unlawful denial of benefits under ERISA, Ms. Cullen has also lost the use of her LTD benefits and life insurance coverage.

56. Having exhausted the administrative procedures provided by the Defendants, Ms. Cullen now brings this action.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plans**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

57. Ms. Cullen realleges each of the paragraphs above as if fully set forth herein.

58. The LTD Plan and Life Plan are contracts.

59. Ms. Cullen has performed all her obligations under the contracts.

60. 29 U.S.C. § 1132(a)(1)(B) states that:

   A civil action may be brought ---

   1. by a participant or beneficiary –

      1. for the relief provided for in subsection (c) of this section, or

      2. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

61. The Defendants' actions constitute an unlawful denial of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

62. The Defendants unlawfully denied Ms. Cullen's benefits in part by: (1) dismissing without explanation, the substantial evidence supporting Ms. Cullen's claim for LTD and LWOP benefits; and (2) denying Ms. Cullen a full and fair review of their decision to terminate her benefits.

63. In accordance with 29 U.S.C. §1132, Ms. Cullen is entitled to LTD and LWOP benefits under the Plan based upon her disabled status from September 6, 2018 to the present and continuing until she is no longer disabled.

64. The Defendants have refused to provide Ms. Cullen with her disability benefits and are, therefore, in breach of the terms of the LTD Plan, the Life Plan and ERISA, which require that the Defendants engage in a full and fair review of all claims and the administration of the Plans in the best interests of the participants of the Plans.

65. As a direct and proximate result of this breach, Ms. Cullen has lost the principal and the use of her rightful disability and life insurance benefits.

### SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

66. Ms. Cullen realleges each of the paragraphs above as if fully set forth herein.

67. Under the standards applicable to ERISA, Ms. Cullen deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

68. Defendants have the ability to satisfy the award.

69. Ms. Cullen's conduct of this action is in the interests of all participants suffering from physical conditions who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

70. The Defendants have acted in bad faith in terminating Ms. Cullen's disability benefits under the Plans.

71. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge, and decree that Ms. Cullen is entitled to disability and life waiver of premium benefits as calculated under the terms of the Plans;

(2) Award Ms. Cullen disability benefits, life waiver of premium benefits, and interest from the date of the Defendants' breach of contract;

(3) Order that the Defendants make restitution to Ms. Cullen in the amount of all losses sustained by Ms. Cullen as a result of the wrongful conduct alleged herein, together with prejudgment interest;

(4) Award Ms. Cullen the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the court deems just and reasonable.


Dated: November 17, 2020                Respectfully submitted for the Plaintiff,

                                        By:   /s/ M. Katherine Sullivan
                                              M. Katherine Sullivan
                                              BBO No. 649239
                                              LAW OFFICE OF KATHERINE
                                              SULLIVAN, LLC
                                              945 Concord Street
                                              Framingham, MA 01701
                                              T: 508-620-5387
                                              F: 508-834-1172
                                              kate@sullivandisabilitylaw.com